IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **LISA MICHELLE BALLENGER** | § | |
| | § | |
| vs. | § | **CASE NO. 6:23cv441-JCB-KNM** |
| | § | |
| **COMMISSIONER, SOCIAL** | § | |
| **SECURITY ADMINISTRATION** | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Lisa Michelle Ballenger initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying an application for Social Security benefits. Before the Court is Plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (ECF 16). Plaintiff states that the motion is unopposed. The motion is referred in accordance with 28 U.S.C. § 636. For the reasons below, the motion should be **GRANTED**.

### Background

The Court entered an Order and Final Judgment on April 1, 2024 reversing the Commissioner's final administrative decision and remanding the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff then filed the present motion seeking an EAJA award of $7,102.50 in fees and $402.00 in costs. The motion states that the Commissioner does not oppose the motion, including the amount requested.

### Discussion

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the

EAJA requires, at a minimum, that the claimant be a "prevailing party," that the Commissioner's position was not "substantially justified," that no "special circumstances make an award unjust," and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Commissioner INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); 28 U.S.C. § 2412(d)(1). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). The Court previously granted Plaintiff's requested extension of time to file the motion for fees (ECF 24). With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The Commissioner has the burden of proving that his position was "substantially justified" and he has not done so here. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In addition, the Commissioner has not alleged or shown special circumstances that would render an award unjust.

The hourly attorney rate sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff

asserts that an increase in the hourly rate is justified in this case due to increases in the cost of living as reflected by the Consumer Price Index. The requested award of $7,102.50 represents an hourly rate of $240.63 for 28.5 hours of attorney work and an hourly rate of $75.00 for 3.5 hours of paralegal work. Plaintiff attached time logs supporting the requested award.

Pursuant to 28 U.S.C. § 2412(d)(2)(A), a prevailing plaintiff is only entitled to "reasonable attorney fees." Here, the Commissioner has not opposed Plaintiff's assertion that $7,102.50 in fees represents an appropriate award pursuant to the EAJA. The requested fees are reasonable.

## Conclusion

In the interest of ensuring adequate representation for those who need it and to minimize the cost of that representation to taxpayers, the Court concludes that the motion should be granted. Plaintiff should be awarded the requested $7,102.50 in fees and $402.00 in costs.

The final issue concerns whether the fees are payable to Plaintiff or her attorney. Attorney fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, 530 U.S. 586, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010). In part, that is to make fee payments subject to a government offset to satisfy any pre-existing debt that the litigant may owe the United States. *Ratliff*, 130 S.Ct. at 2524. The present motion asserts that Plaintiff assigned her entitlement to EAJA fees to counsel in her retainer agreement and includes a copy of the retainer agreement. The motion seeks payment directly to counsel if Plaintiff does not owe a federal debt that is subject to offset. The motion fails to address the implications of the Anti-Assignment Act, 31 U.S.C. § 3727. Accordingly, payment should be made payable to Plaintiff. *See Cardona v. Commissioner of Social Security*, 2023 WL 2577200 (W.D.Tex. March 17, 2023).

In sum, Plaintiff, not her attorney should be paid the sum of $7,504.50, representing $7,102.50 in fees and $402.00 in costs, in connection with this case. Plaintiff's payment of fees and costs owed to her attorney is a matter of the retainer agreement between them.

## RECOMMENDATION

It is **RECOMMENDED** that the Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (ECF 16) be **GRANTED** and that the Commissioner pay Plaintiff for fees incurred totaling **$7,102.50** pursuant to the EAJA, 28 U.S.C. § 2412(d), and costs totaling **$402.00**. The payment should be made to Plaintiff but mailed to Plaintiff's counsel of record.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). Written objections shall not exceed five pages. Local Rule CV-72(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 7th day of July, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE